**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>vs.<br><br>Kimberly Rosas,<br><br>          Defendant. | No. MJ-21-00396-PHX-SPL-MHB<br><br>**SUPPLEMENTAL ORDER** |

On December 21, 2021, Magistrate Judge Michael T. Morrissey ordered that Defendant Kimberly Rosas be detained pending trial as a flight risk. (Doc. 7). On December 27, 2021, Defendant filed a Motion to Review Detention Order (Doc. 9). On January 21, 2022, after briefing by the parties (Docs. 9, 14, 18), this Court held a hearing on the Motion. In a bench order, the Court affirmed the Magistrate Judge's ruling, finding that Defendant is a flight risk and a danger to the community. (Doc. 20). Defendant then appealed the Court's ruling to the Ninth Circuit. (Doc. 22).

On February 25, 2022, the Ninth Circuit remanded the case for the limited purpose of enabling this Court to explain why conditions of release would be inadequate to reasonably address Defendant's flight risk and danger to the community. (Doc. 27) The Court therefore issues this Supplemental Order.

The Bail Reform Act of 1984 requires that a defendant facing trial be released under the least restrictive conditions that will reasonably assure her appearance as required and the safety of the community. *See* 18 U.S.C. § 3142. Because Defendant is

charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801)," however, there is a rebuttable presumption that no conditions could reasonably assure her appearance as required and the safety of the community. § 3142(e)(3). The presumption puts the burden of production on Defendant, but the government continues to bear the burden of persuasion. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Defendant's burden of production is not large, but she must "produce some credible evidence forming a basis for [her] contention that [she] will appear and not pose a threat to the community in order to rebut the presumption." *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992) (internal quotation marks omitted); *see also, e.g.*, *United States v. Carbone*, 793 F.2d 559, 560 (3rd Cir. 1986); *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991); *United States v. Rodriguez*, 950 F.2d 85, 88 (2nd Cir. 1991).

Here, the Court determined that Defendant failed to rebut the presumption that no set of conditions could reasonably assure her appearance and the safety of the community. (Doc. 25 at 30:9–10). Specifically, the Court did not find any credible evidence that she does not pose a flight risk or a danger to the community. Defendant's claims of community ties—including her relationship with extended family members in Phoenix and her property ownership—were not mentioned to the Pretrial Services Officer in her initial interview. (Doc. 25 at 30:10–12). Defendant was unable to provide the Officer with contact information for any family members, friends, or her boyfriend. (Doc. 2 at 1). Her property ownership is insignificant given the small down payment and more than $150,000 still owed on the property. (Doc. 25 at 30:13–15). The fact that Defendant submitted a visa application for her mother is likewise insignificant as it merely allows her mother to visit the United States, not to remain permanently with Defendant in this country. (Doc. 25 at 26:9–24).

In addition to the presumption, the Court gave careful consideration to whether any set of conditions could reasonably assure Defendant's appearance and the safety of the community, and concluded that they could not. This conclusion is informed by the

Court's assessment that Defendant's flight risk is very high. In addition to the lack of credible evidence as to her community ties, she is 23 years old and lived in Mexico for 20 of those years. (Doc. 25 at 30:16–19). Since moving to the United States two years ago, she has continued to visit Mexico several times per year. (Doc. 2 at 2). Defendant's immediate family, including her mother and siblings, all live in Mexico. (Doc. 25 at 10:25–11:1). She is charged with possessing with intent to distribute 33.5 pounds of fentanyl, which carries a mandatory minimum sentence of ten years in prison. (Doc. 14 at 5). The charged conduct led the Court to find that Defendant is a danger to the community, and the length of the sentence if she were to be convicted gives her an incentive to abscond. (Doc. 25 at 31:6–10).

The Court therefore concluded that no set of conditions could reasonably mitigate these significant risks. The Court did not find the testimony of Sara Cortez, Defendant's proposed third-party custodian, to be credible as to Ms. Cortez's ability to keep the necessary level of control over Defendant to ensure her compliance with any release conditions and her appearance as required. When questioned on how she would do so, Ms. Cortez did not appear to have given any thought to the matter and focused primarily on why she does not believe Defendant committed the charged offense. (Doc. 25 at 9:7–17).

The Court determined that other proposed conditions would be ineffective. A signature bond would have little deterrent effect due to its limited enforceability if Defendant were to abscond to Mexico. Location monitoring and the surrender of travel documents "merely impede[ ] but do[ ] not prevent flight." *United States v. Cuong Cau Dang*, No. 13-CR-486-EJD (PSG), 2013 WL 4119426, at *5 (N.D. Cal. Aug. 9, 2013) (citing *United States v. Abdullahu*, 488 F. Supp. 2d 433, 444 (D.N.J. 2007)). A curfew, travel restrictions, and required contact with pretrial services and defense counsel are effective only insofar as Defendant complies in good faith with such conditions. *See Hir*, 517 F.3d at 1092–93. For the reasons discussed above—including her lack of credible community ties, her previous residence in and connections to Mexico, and the significant

sentence she potentially faces—the Court concluded that the risk that Defendant would not comply is unacceptably high. *See id.* at 1093. In sum, given Defendant's substantial flight risk, the Court concluded that no set of conditions could reasonably deter her from absconding and assure her appearance as required for future proceedings.

**IT IS ORDERED** that the Clerk of Court shall forward a copy of this Order to the Ninth Circuit Court of Appeals referencing case number 22-10016.

Dated this 2nd day of March, 2022.

Honorable Steven P. Logan
United States District Judge